UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JEFFERY A. BROUSSARD** | **CIVIL ACTION NO. 3:14-cv-0720** |
| **LA. DOC #613311** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **IKE BROWN, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

Pro se plaintiff Jeffery A. Broussard, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 28, 2014. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections; he is incarcerated at the Louisiana State Penitentiary, Angola. Plaintiff complains that he was the victim of excessive force perpetrated by corrections and law enforcement officials while he was incarcerated at the Morehouse Parish Jail. He sued these officials praying for compensatory damages in the amount of $350,000. While this matter was pending initial review, plaintiff filed a pair of *pro se* motions.

In the first motion filed on April 25, 2014, plaintiff sought addresses for the LSU Health Hospital Trauma Center in Shreveport, the Morehouse Parish Jail, and, the Fourth Judicial District Court in Bastrop. According to plaintiff, he needs these mailing addresses so that he may request information relative to his pending litigation. [Doc. 7] In the second motion which was also filed on April 25, 2014, plaintiff requested appointment of attorney Ransdell J. Keene of Shreveport to assist him in litigating this civil action. [Doc. 8]

Plaintiff has not demonstrated that he lacks the ability to obtain the addresses of the LSU Health Hospital, the Morehouse Parish Jail, and the Fourth Judicial District Court either from

family and friends or by utilizing the resources available at the Louisiana State Penitentiary.

Likewise, plaintiff has not demonstrated that he is entitled to the appointment of counsel. Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983. "Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d. 405 (5th Cir. 1985). Pursuant to 28 U.S.C. §1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff. In the case of *Mallard v. United States District Court for the Southern District*, 490 U.S. 296, 301-302, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989) the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." *See Ulmer v. Chancellor*, 691 F.2d. 209, 212 (5th Cir. 1982) and *Jackson v. Cain*, 864 F.2d. 1235, 1242 (5th Cir. 1989). No precise definition of "exceptional circumstances" is available, but the United States Courts of Appeal have provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors: the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner,

the court, and the defendants by "shortening the trial and assisting in just determination." *See Parker v. Carpenter*, 978 F.2d. 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d. at 293, n.14; *see also Ulmer*, 691 F.2d. at 213, and *Jackson*, 864 F.2d. at 1242. Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel on his own behalf. *See Jackson*, 864 F.2d. at 1242; *Ulmer*, 691 F.2d. at 213. Plaintiff is not excused from trying to procure counsel for himself. Plaintiff has not demonstrated that he is unable to secure representation from an attorney or *pro bono* organization.

Plaintiff has managed to file his original complaint setting forth his cause of action against the named defendants. No special legal knowledge is required of plaintiff herein. Plaintiff's claims are not atypical of those often asserted in civil rights litigation and are not complex. At this stage of the proceedings he need not be versed in the law so long as he can recite the facts and his demands with sufficient clarity, and that he has done so far.

Accordingly, plaintiff's request for appointment of counsel should be denied as the circumstances presented herein are not "exceptional" so as to warrant the appointment of counsel.

### ORDER

Therefore, plaintiff's Motion seeking to obtain various addresses [Doc. 7], is **DENIED**; and, Plaintiff's Motion for the Appointment of Counsel [Doc. 8] is likewise **DENIED.**

In Chambers, Monroe, Louisiana, April 30, 2014.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**