UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JEFFERY A. BROUSSARD**<br>    **LA. DOC #613311**<br>**VS.** | **CIVIL ACTION NO. 3:14-cv-0720**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **IKE BROWN, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se plaintiff Jeffery A. Broussard, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 28, 2014. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections; he is incarcerated at the Louisiana State Penitentiary, Angola. Plaintiff complains that he was the victim of excessive force perpetrated by corrections and law enforcement officials while he was incarcerated at the Morehouse Parish Jail (MPJ). He sued these officials praying for compensatory damages in the amount of $350,000. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

*Statement of the Case*

On November 7, 2011, plaintiff, who was then a pre-trial detainee[1] in the Morehouse Parish Jail (MPJ), filed a civil rights complaint in this Court. He sued Warden Billy Harrison, Sgt. Tommy Cooper, Sheriff Mike Tubbs and Assistant District Attorney Steve Sylvester seeking dismissal of the then pending felony charges and relocation of himself and his fianceé in the federal witness protection program along with compensatory damages for threats made to him by various corrections officers at MPJ. He complained that he was threatened with physical injury or death by Warden Harrison and that on July 28, 2011, and again on November 26, 2011, unnamed corrections officers attempted but failed to cause him severe physical injury or death. He also alleged that he was confined to MPJ's lockdown for 138 days and then transferred by Judge Manning to the Morehouse Parish Detention Center (MPDC) where his situation became even more dangerous. He claimed to have overheard MPDC's Warden Fife and others plotting to murder plaintiff in the middle of the night. In a letter dated November 30, 2011, he advised the Clerk that he had been transferred from MPJ to the MPDC as of November 29, 2011. On January 11, 2012, the undersigned recommended dismissal of the complaint as frivolous. Plaintiff did not object and on February 27, 2012, Judge James adopted the recommendation and ordered dismissal of plaintiff's complaint with prejudice as frivolous and for failing to state a claim for which relief may be granted. See *Jeffery Broussard v. Officer Robinson, et al.*, Civil Action No.

---

[1] According to a news article in the online version of the Bastrop Enterprise, plaintiff was arrested in May 2011 and charged with two counts of armed robbery which were alleged to have occurred at the AT&T Wireless Store on Mer Rouge Road, Bastrop, and at Advance American on East Madison Street in Bastrop. He was also charged with an armed robbery of the Verizon Wireless Store in Monroe, Louisiana.

http://www.bastropenterprise.com/news/x1539857759/Armed-robbery-suspect-in-custody

3:11-cv-2006. Plaintiff did not appeal.

Plaintiff filed the instant complaint on March 28, 2014. Therein he alleged that on unspecified days he was the victim of brutality and cruelty at the hands of various corrections officer, including MPDC's Warden Ike Brown. He also alleged that he was thereafter denied medical care for the injuries he sustained. In a letter filed in conjunction with the complaint plaintiff alleged,

> I'm writing this letter to clarify some very important information. On 3-21-14 I received my appellant brief from my attorney and according to the information I obtain[ed] from the brief, on June 14, 2011 a Bill of Information was filed against me, and I remember Judge Manning ordering me to be sent to the Morehouse Parish Detention Center on November 26, 2010. I also remember being in the custody of Warden Brown for New Years January 2011. This means that Officer Lacey and Warden Brown broke my leg sometime in early January 2011 and the Warden denied me medical treatment until some time in February 2011. [Doc. 1-2, p. 5]

On April 28, 2014, plaintiff submitted an amended complaint in which he again asserted that the excessive force complained of occurred in January 2011. [Doc. 11, p. 6]

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or

3

malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff seeks damages for an incident or series of incidents that occurred while he was incarcerated at the MPDC. He believes that he was the victim of excessive force in January 2011 and that he was denied medical care until February 2011. It appears that his recollection of the dates does not comport with the facts. Indeed, plaintiff, while not sure of the year that these events occurred, believes that they occurred in the months following his transfer from the MPJ to the MPDC. Based upon contemporaneous correspondence from plaintiff to the Court during the pendency of his first civil rights suit, it is clear that the transfer occurred in late November 2011 and it therefore appears more likely that the excessive force claim arose in January 2012 and the medical care claim arose in February of the same year. As is shown below, the facts alleged thus far clearly warrant dismissal of the complaint as frivolous because it is untimely and prescribed.

*2. Limitations*

The district court is authorized to dismiss a claim as frivolous "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d

4

254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. *See Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the general statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. *See Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

As noted above, plaintiff mistakenly believes that his claim arose in January - February 2011; however, it is clear that the events complained of occurred instead in January -February 2012. Giving him the benefit of the doubt, plaintiff was (or should have been) aware of all the facts necessary to know that his rights were violated by the end of February 2012 at the latest. The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980). Plaintiff therefore had one year from February 2012 within which to timely file his complaint. Plaintiff's complaint was filed more than two years later on March 28, 2014, clearly beyond the 1-year period of limitations and therefore, is subject to being dismissed as

frivolous.

### 3. Equitable Tolling

Equitable tolling principles apply to civil rights cases filed under 42 U.S.C. § 1983. *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir.1998). However, nothing herein suggests that this plaintiff is entitled to equitable tolling of the limitations period. Lack of knowledge about the law, does not justify equitable tolling. See *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (finding ignorance of the law does not excuse a person's failure to comply with a statute of limitations); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir.1999) (holding plaintiff's unfamiliarity with the legal process and lack of legal representation during the filing period do not warrant equitable tolling). While disease or illness may warrant equitable tolling, the disease must be of such severity that it rendered the litigant unable to pursue his legal claims. See *Fisher v. Johnson*, 174 F.3d 710, 715 (1999) (referring to mental illness); *Smith v. Johnson*, 247 F.3d 240, 2001 WL 43520, at *3 (5th Cir. Jan.3, 2001) (per curiam) (unpublished) (Also referring to mental illness in the context of a *habeas corpus* claim and holding, "[A] prisoner's claim of mental incompetence may support tolling the AEDPA time limit if the mental impairment precluded the prisoner from effectively asserting his legal rights")

Based on the evidence currently available, plaintiff is not entitled to the benefits of equitable tolling. See *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir.2000) (discussing the availability of equitable tolling in the context of *habeas corpus* under the AEDPA and noting that neither ignorance of the law, lack of knowledge of filing deadlines, a prisoner's *pro se* status, lack of access to federal statutes and case law, incarceration, illiteracy, deafness, lack of legal training, nor actual innocence claims support equitable tolling of the AEDPA statute of

limitations). See also *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir.2002) ("[equitable tolling] will not be applied where the applicant failed to diligently pursue ... relief...").

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, April 30, 2014.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**