UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JEFFERY A. BROUSSARD<br>LA. DOC #613311 | CIVIL ACTION NO. 14-0720<br>SECTION P |
| VERSUS | JUDGE ROBERT G. JAMES |
| IKE BROWN, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

RULING

*Pro se* Plaintiff Jeffery A. Broussard ("Broussard"), proceeding in forma pauperis, filed the instant civil rights Complaint pursuant to 42 U.S.C. §1983 on March 28, 2014. Broussard complains that he was the victim of excessive force by corrections and law enforcement officials while he was incarcerated at the Morehouse Parish Detention Center ("MPDC"), particuluarly by Warden Ike Brown.

On April 30, 2014, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 13] in which she recommended that the Court dismiss Broussard's Complaint, as amended, as untimely. Since that time, the Court has granted Broussard's motions and allowed him to amend his Complaint twice more. [Doc. Nos. 17 & 18]. Additionally, Broussard timely filed objections to the Report and Recommendation [Doc. No. 19] and another motion to amend his Complaint [Doc. No. 20].

First, to the extent Broussard has moved to amend his Complaint again, his motion [Doc. No. 20] is GRANTED. The Court has considered the entire record in this matter, including Broussard's objections and his amendments to his Complaint.

Second, after consideration and finding that she has correctly stated and applied the law, the

Court agrees with and ADOPTS the Report and Recommendation of the Magistrate Judge. Based on Broussard's latest filings, it is now undisputed that his excessive force claim arose in January 2012 and his medical care claim arose in February of the same year during his incarceration at MPDC. Because Broussard's Complaint was not filed until March 28, 2014, the Magistrate Judge finds, and this Court agrees, that the Complaint was untimely filed beyond the 1-year period of limitations applicable to a § 1983 case.

The Magistrate Judge also found that Broussard was not entitled to equitable tolling of the limitations period. The Court agrees with the Magistrate Judge's analysis, but has considered Broussard's arguments in his objections and amended complaints that he is entitled to equitable tolling for the time he was in the custody of MPDC authorities because it was not "safe" for him to file suit, and he did not have access to the necessary materials. Even if the Court found merit to Broussard's arguments, he has offered no explanation why he waited **almost six months after his transfer** to the Louisiana State Penitentiary to file this lawsuit. Under these circumstances, the Court finds that Broussard did not diligently pursue his claim, and the Magistrate Judge properly recommended dismissal.

Thus, for the foregoing reasons and those set forth in the Report and Recommendation, to the extent applicable and adopted, Broussard's motion to amend complaint [Doc. No. 20] is **GRANTED**, but his Petition is **DISMISSED WITH PREJUDICE** as frivolous.

**MONROE, LOUISIANA,** this 17th day of June, 2014.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE