UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JEFFERY A. BROUSSARD | CIVIL ACTION NO. 14-0720 |
|   LA. DOC#613311 | |
| | |
| VERSUS | JUDGE ROBERT G. JAMES |
| | |
| IKE BROWN, ET AL. | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's motion for appointment of counsel and for issuance of subpoena for his medical records [Doc. No. 27].

In a § 1983 case,  Congress has not specifically authorized courts to appoint counsel for a plaintiff.  "Generally no right to counsel exists in § 1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. § 1915 where 'exceptional circumstances' are present."  *Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985).  Pursuant to 28 U.S.C. § 1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff.  The United States Supreme Court in the case of *Mallard v. United States District Court for the Southern District*, 109 S. Ct. 1814 (1989), held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not authorized under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982); *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir.

1989); *Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985) ("Generally no right to counsel exists in

§1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915

where 'exceptional circumstances' are present."). No precise definition of "exceptional

circumstances" is available, but the United States Court of Appeals for the Fifth Circuit has

provided a litany of factors for lower courts to consider in making this determination. For

example, the district court should consider (1) the type and complexity of the case; (2) the

plaintiff's ability to adequately present and investigate his case; (3) the presence of evidence

which largely consists of conflicting testimony so as to require skill in presentation of evidence

and cross-examination; and (4) the likelihood that appointment will benefit the petitioner, the

court, and the defendants by "shortening the trial and assisting in just determination." *See Parker*

*v. Carpenter*, 978 F.2d 190 (5th Cir. 1992) (citations omitted). Additionally, a court may

consider whether a plaintiff has demonstrated the inability to secure private counsel on his own

behalf because plaintiffs are not excused from making efforts to procure counsel on their own.

*See Jackson*, 864 F.2d at 1242; *Ulmer*, 691 F.2d at 213.

Broussard initiated this action to vindicate his civil rights and possesses first hand

knowledge of the facts which form the basis of this action. He was able to file a Complaint and

recount the facts to the Court prior to issuance of the Report and Recommendation. He was also

able to move for leave to amend his Complaint and was allowed to do so. Finally, in this case,

the Magistrate Judge and the Court have determined that his lawsuit is untimely, but Broussard

has been able to articulate why he believes his time for filing was equitably tolled. Applying the

relevant factors and the record in this case, the Court finds that Broussard's motion for

appointment of counsel should be DENIED.

Additionally, Broussard moves the Court for a subpoena to obtain his medical records. However, the Court did not reach the merits of his claim, finding only that the claim was untimely filed.  Broussard does not need medical records to support his appeal.  The Court finds that this motion should also be DENIED.  Thus,

IT IS ORDERED that Plaintiff's motion for appointment of counsel and for issuance of a subpoena  [Doc. No. 27] is DENIED.

MONROE, LOUISIANA, this 1st day of July, 2014.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE