UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

JEFFERY A. BROUSSARD          *          CIVIL ACTION NO.  14-0720
                                                                    Section P

VERSUS                                      *          JUDGE ROBERT G. JAMES

WARDEN IKE BROWN, ET AL.      *          MAG. JUDGE KAREN L. HAYES

<u>MEMORANDUM ORDER</u>

Before the undersigned Magistrate Judge, on reference from the District Court, are two

motions to compel discovery responses [doc. # 85 & 101], filed by plaintiff pro se Jeffery

Broussard.  For reasons assigned below, the motions are GRANTED IN PART and DENIED IN

PART.[1]

<u>Background</u>

On August 26, 2015, plaintiff pro se Jeffery Broussard served defendants, Ike Brown, Bill

Harrison, Samuel Lacy, and Sergeant Holmes, with his first set of requests for production of

documents.  [doc. # 67].[2]  On September 30, 2015, defendants responded to plaintiff's requests

with various objections.  [doc. # 85-3].  Dissatisfied with the lack of any meaningful production

by defendants, plaintiff filed the instant motion to compel on October 22, 2015.[3]  Defendants

_____

[1]  As these motions are not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any
claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this
ruling is issued under the authority thereof, and in accordance with the standing order of this
court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R.
74.1(W).

[2]  He also filed the discovery requests in the record.

[3]  Due to oversight, the Clerk of Court did not docket plaintiff's motion until December
14, 2015.  (Dec. 22, 2015, Minute Entry [doc. # 93]).

filed their opposition to the motion on January 4, 2016.  [doc. # 97].  Plaintiff filed his reply brief on February 2, 2016.  [doc. # 111].

Meanwhile, on November 24, 2015, Broussard served defendants, Ike Brown, Bill Harrison, and Sergeant Holmes, with his second set of requests for production of documents. [doc. # 84].[4]  When, by November 24, 2015, Broussard had not received any response from defendants, he sent a letter to defense counsel reminding him about the discovery requests.  *See* M/Compel [doc. # 101].  On January 11, 2016, plaintiff still had not received any response(s), and therefore, filed the instant motion to compel.  *Id.*  Defendants filed their opposition on February 3, 2016.  [doc. # 112].  Plaintiff filed his reply on March 8, 2016.  [doc. # 120]. Briefing is complete; the matter is ripe.

## **Law**

Rule 34 of the Federal Rules of Civil Procedure provides that "a party may serve on any other party a request within the scope of Rule 26(b) . . . to produce . . . any designated documents or electronically stored information . . . or any designated tangible things" that are within the "party's possession, custody, or control . . ."  Fed.R.Civ.P. 34(a)(1)(A) & (B).[5]

---

[4]  He also filed the discovery requests in the record.

[5]  Under Rule 26(b),
[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.
Fed. R. Civ. P. 26(b)(1).
The courts understand the rule to provide for broad and liberal discovery.  *See Schlagenhauf v. Holder*, 379 U.S. 104, 114-5 (1964); *Hickman v. Taylor*, 329 U.S. 495, 507, 67

Rule 34's definition of "possession, custody, or control," includes more than actual possession or control of the materials; it also contemplates a party's "legal right or practical ability to obtain the materials from a nonparty to the action." *White v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 3423388 (M.D. La. Aug. 4, 2011 (citations omitted).  A party must "make a reasonable search of all sources reasonably likely to contain responsive documents." *Id*.  A party also is "charged with knowledge of what its agents know or what is in records available to it." *Autery v. SmithKline Beecham Corp.*, 2010 WL 1489968 (W.D. La. Aug. 4, 2011) (citation omitted).

A party objecting to discovery "must state with specificity the objection and how it relates to the particular request being opposed . . ." *Reyes v. Red Gold, Inc.* 2006 WL 2729412 (S.D. Tex. Sept. 25, 2006) (citations omitted).  In other words, to escape the production requirement, a responding party must interpose a valid objection to each contested discovery request. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (citation omitted).  Conclusory objections that the requested discovery is "overly broad," "burdensome," "oppressive," and "irrelevant," do not suffice.  *Id*.

A party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents for inspection.  *See* Fed.R.Civ.P. 37(a)(3)(B).  An evasive or incomplete response is treated as a failure to respond.   Fed.R.Civ.P. 37(a)(4).

---

S.Ct. 385 (1947).  Nonetheless, the scope of discovery is limited by relevance, albeit "relevance" is to be broadly construed.  *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982).

## Analysis

**a)** **First Set of Requests for Production**

| Request No.1: | The booking area has a video surveillance system. Therefore what happen [sic] on January 23, 2012 between the hours of 6 o'clock a.m. through 100 o'clock [sic] a.m. was recorded on video equipment. Thereby I'm requesting a copy of the surveillance footage. |
|---|---|
| Response/Argument: | The defendants object to fully responding to this request for production because fully responding to it would require the disclosure of materials and information to an inmate that would be violative of the defendants' security privilege and pose a risk of harm to detention center employees, inmates, and the public at large.<br><br>In their brief, defendants further explained that there never was any video surveillance. |

**Resolution:**   Clearly, video footage of the booking area that covers the date and time when plaintiff purportedly suffered an assault and battery administered by Warden Brown is relevant to his claim. Of course, in response to plaintiff's motion, defendants expanded their reason for refusing to produce the video footage to include the additional explanation that there never was any video surveillance. (Opp. Memo., pg. 3). According to plaintiff, however, the booking area did have cameras. *See* Pl. Reply Memo.

If, as defendants now contend, there never was any recorded video footage, or that there *was* footage, but they failed to preserve it, then, they shall so state and explain these circumstances, via supplemental discovery response served on plaintiff, and filed in the court record, within the next seven days from the date of this order. If, on the other hand, defendants *did* retain the footage (as implied in their original response), then they shall submit the footage to chambers for in camera inspection, within the same period.

4

| Request No. 2: | Please provide me with all written statements, originals or copies identifiable as reports about the incidents on January 23, 2012 made by Morehouse Parish Detention Center employees or witnesses, i.e., critical incident reports, and or defendants [sic] reports about the incidents, the use of force reports, statements of witnesses, and any medical examination or treatments. |
|---|---|
| Response: | The materials related to your attempts to escape prison have already been provided to you and were also filed under seal with the Court. The Defendants herein specifically deny that any deputy or employee of the Morehouse Parish Sheriff ever, at any time, used excessive force on you. |

**Resolution:**     The court previously ordered defendants to provide plaintiff with all medical records, warden's unusual occurrence reports, and all other documents pertinent to the issues in this case, that are in their possession, and to file a copy of these documents with the court, under seal.  (June 2, 2015, Mem. Order [doc. # 52]).  On August 13, 2015, defendants so complied. [doc. # 52].

Plaintiff appears to contend that some of the incident reports produced by defendants are fabrications.  Plaintiff certainly is entitled to challenge the accuracy of the statements set forth in these documents.  His contention, however, presents a disputed issue of fact, not a discovery dispute.  The court already has ordered defendants to produce all relevant documents in their possession – an ongoing obligation.  Needless to say, defendants cannot produce documents that do not exist.  Accordingly, plaintiff's challenge is overruled.

| Request No. 3: | Any and all rules, regulations, and policies of the Morehouse Parish Detention Center about the arbitrary placement of an inmate on suicide watch (indefinitely). |
|---|---|

| Response: | The defendants object to this request for production on the grounds of security privilege as responding to this request would require providing an inmate serving an approximately 40-year sentence for violent offenses, and who has a history of escape attempts, with policies and procedures relating to the internal workings, standards, and practices of a prison facility, which could place pose a danger to the employees, inmates, and the public at large. Subject to that objection, and without waiving same, the defendants specifically deny that you or any other inmate was ever placed on suicide watch "arbitrarily." |
|---|---|

**Resolution:**    The requested discovery is relevant.  Although there is evidence that Judge Manning authorized plaintiff's placement on suicide watch, plaintiff contends that the evidence was fabricated.  Accordingly, within seven days from the date of this order, defendants shall forward to chambers, for in camera inspection, all rules, regulations, and policies at the Morehouse Parish Detention Center that pertain to the placement and retention of an inmate on suicide watch.  Within the same period, defendants also shall provide the court with a memorandum addressing how disclosure of each particular section of the rules, regulations, and policies poses a security risk.

| Request No. 4: | Any and all rules, regulations, and policies of the Morehouse Parish Detention Center concerning the receiving and sending of a inmate's personal mail or the denial thereof indefinitely. |
|---|---|
| Response: | The defendants object to this request on the grounds that it is not calculated to lead to admissible evidence. |

**Resolution:**    This evidence is potentially relevant to any prescription defense asserted by defendants.  In the interest of cooperation, defendants attached a copy of the facility's policies regarding access to courts/legal materials, library services, religious programs, and religious services.  (Opp. Memo., Exh. [doc. # 97]).  Plaintiff, however, maintains that he never received this information.  *See* Reply.  Accordingly, within the next seven days from the date of this order,

defendants shall provide plaintiff with a copy of the responsive document(s) [doc. # 97-1]).

| Request No. 5: | Any and all rules, regulations, and policies of the Morehouse Parish Detention Center concerning religion or the denial thereof. |
|---|---|
| Response: | The defendants object to this request on the grounds that it is not calculated to lead to admissible evidence. |

**Resolution:**   This discovery request is not relevant.  The instant suit does not include a claim for restriction of religion.  Nevertheless, defendants have offered to provide a copy of the policy. *See* discussion, *supra*.

### b)      Second Set of Requests for Production

| Request No. 1: | I'm requesting a copy of any and all rules, regulations, and procedural policies concerning punitive administrative segregation. |
|---|---|
| Argument: | The request is duplicative of earlier requests. Defendants object to the requests on the basis of security privilege. |

**Resolution:**   This discovery request is potentially relevant to plaintiff's claim.  Defendants contend that the request is duplicative of plaintiff's prior request(s).  However, the instant request for the facility's policies and procedures regarding *punitive segregation*, should be distinct from the facility's policies and procedures regarding *suicide watch*.  If, in fact, they are the same, that may serve to bolster plaintiff's contentions.  Accordingly, within the next seven days from the date of this order, defendants shall forward to chambers, for in camera inspection, all rules, regulations, and policies at the Morehouse Parish Detention Center that pertain to punitive administrative segregation.  Defendants also shall provide the court with a memorandum addressing how disclosure of each particular section of the rules, regulations, and policies poses a security risk.

| Request No. 2: | I'm requesting a copy of any and all rules, regulations, and procedural policies concerning protective custody. |
|---|---|
| Argument: | The request is duplicative of earlier requests. Defendants object to the requests on the basis of security privilege. |

**Resolution:** This discovery request is potentially relevant to plaintiff's claim. Defendants contend that the request is duplicative of plaintiff's prior request(s). Again, however, the rules, regulations, and procedural policies concerning *protective custody*, arguably are distinct from the rules regarding *punitive segregation*, and *suicide watch*. Accordingly, within the next seven days from the date of this order, defendants shall forward to chambers, for in camera inspection, all rules, regulations, and policies at the Morehouse Parish Detention Center that pertain to protective custody. Defendants also shall provide the court with a memorandum addressing how disclosure of each particular section of the rules, regulations, and policies poses a security risk.

| Request No. 3: | I'm requesting a copy of the transcribe [sic] deposition to review it for accuracy, misstatements, and possible fabrications. |
|---|---|
| Argument: | Defendants have since provided plaintiff with a copy of his deposition transcript. |

**Resolution:** In the interest of cooperation, defendants provided plaintiff with a copy of his deposition transcript. *See* Opp. Memo. Plaintiff does not contest receipt of same. Accordingly, the request is moot.

**c.** **Fees, Costs, and/or Expenses**

The court generally must award reasonable expenses to the prevailing party on a motion to compel. Fed.R.Civ.P. 37(a)(5)(A). The rule authorizes exceptions, however, for non-disclosures and responses that were substantially justified, or other circumstances that make an

award unjust.  *Id*.  Moreover, when, as here, a motion to compel is granted in part and denied in part, the court *may* apportion the reasonable expenses associated with the motion.  Fed.R.Civ.P. 37(a)(5)(C).

Considering the mixed relief obtained by movant, the court is not inclined to assess costs, expenses, and/or fees in this instance.

### Conclusion

For the above-assigned reasons,

IT IS ORDERED that the motions to compel discovery responses [doc. # 85 & 101], filed by plaintiff pro se Jeffery Broussard are GRANTED IN PART, solely to the extent specified in the body of the decision.

IT IS FURTHER ORDERED that the motions [doc. #s 85 & 101], including any request for fees, expenses, and/or costs, otherwise is DENIED.

In Chambers, at Monroe, Louisiana, this 16th day of March 2016.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE